J-S19001-25                    2025 PA Super 119

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:                    PENNSYLVANIA
:
v.                         :
:
:
:
GERMAN ALAMEDA                 :
:
Appellant          :      No. 2930 EDA 2024

Appeal from the Judgment of Sentence Entered March 11, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0000430-2019

BEFORE:  PANELLA, P.J.E., STABILE, J., and BECK, J.

OPINION BY PANELLA, P.J.E.:                    **FILED JUNE 10, 2025**

German Alameda appeals *nunc pro tunc* from the judgment of sentence entered in the Philadelphia County Court of Common Pleas on March 11, 2020, following Alameda's open guilty plea. On appeal, Alameda challenges the propriety of his guilty plea, the discretionary aspects of his sentence, and the trial court's failure to hold a hearing on his post-sentence motion, in which he raised those issues. After careful review, we affirm.

The trial court succinctly summarized the factual history of this case as follows:

> For approximately a decade prior to his arrest in this matter, [] Alameda[] operated a drug trafficking organization ("Alameda DTO") from the corner of Kip and Cambria Streets in Philadelphia. The Alameda DTO sold fentanyl, heroin, cocaine, and crack cocaine. From January 2018 to October 2018, the Philadelphia District Attorney's Office, Philadelphia Police Department, Pennsylvania State Police, and the United States Drug Enforcement Administration conducted an investigation into the Alameda DTO, resulting in the seizure of thousands of grams of

narcotics, and over 50 arrests, including 4 juveniles. [Alameda] admitted to using minors as street workers for the Alameda DTO on 4 separate occasions. As a result of this investigation, [Alameda] was indicted by grand jury and charged with multiple counts of possession with intent to distribute ("PWID"), conspiracy, and related offenses.

Trial Court Opinion, 12/10/24, at 1-2 (citations omitted).

On October 28, 2019, Alameda entered an open guilty plea to four counts each of PWID and conspiracy to commit PWID, and one count each of dealing in proceeds of unlawful activity, soliciting a minor to traffic in narcotics, corrupt organizations, criminal use of a communication facility, and possession of an instrument of crime. Sentencing was deferred pending the preparation of a presentence investigation report ("PSI").

On March 11, 2020, immediately prior to sentencing on this case, Alameda entered an open guilty plea in another case, in which he was charged with selling drugs while in prison awaiting trial on the instant case. The court proceeded to sentence Alameda on both dockets. In the instant case, the court sentenced Alameda to an aggregate term of 20 to 40 years' imprisonment. No timely direct appeal was filed.

Alameda subsequently filed a *pro se* petition for post-conviction relief. Counsel was appointed and filed an amended petition seeking reinstatement of Alameda's appellate rights. The court thereafter reinstated Alameda's post-sentence and appellate rights. Counsel filed a timely post-sentence motion seeking to withdraw Alameda's guilty plea and alternatively raising a challenge

to the discretionary aspects of Alameda's sentence. The post-sentence motion was denied by operation of law.[1] This timely appeal followed.

Alameda raises the following issues on appeal:

1. Whether the [c]ourt abused its discretion by not holding a hearing on the post-sentence motions insofar as there are disputed issues of fact underlying [] Alameda's right to relief?

2. Whether the plea was knowing, intentional and voluntary where, notwithstanding the plea colloquy, [] Alameda was advised by counsel that he would receive a far less severe sentence than the sentence actually imposed?

3. Whether the [c]ourt's sentence was an abuse of discretion insofar as it was excessive, gave undue weight to aggravating factors while giving far too little weight to the relevant mitigation, was imposed consecutively rather than concurrently and was given in light of the Commonwealth's claim that [Alameda] was a career criminal notwithstanding his low prior record score?

Appellant's Brief, at 8.

We first address Alameda's claim that his plea was not knowing, intentional and voluntary due to erroneous advice he received from his plea counsel. Specifically, Alameda contends he should be permitted to withdraw his guilty plea because his counsel misled him to believe he would receive a much lower sentence.

---

[1] *See* Pa.R.Crim.P. 720(b)(3)(a) ("[T]he judge shall decide the post-sentence motion, including any supplemental motion, within 120 days of the filing of the motion. If the judge fails to decide the motion within 120 days, or to grant an extension as provided in paragraph (B)(3)(b), the motion shall be deemed denied by operation of law.").

The decision to allow a defendant to withdraw their guilty plea post-sentence is a matter that rests within the sound discretion of the trial court. *See Commonwealth v. Muhammad*, 794 A.2d 378, 382-83 (Pa. Super. 2002). Further, a request to withdraw a guilty plea made after sentencing is subject to a higher scrutiny "since courts strive to discourage [the] entry of guilty pleas as sentence-testing devices." *Commonwealth v. Flick*, 802 A.2d 620, 623 (Pa. Super. 2002) (citation omitted). Therefore, in order to withdraw a plea after the imposition of sentence, a defendant must make a showing of prejudice which resulted in a "manifest injustice." *Id.* (citation omitted). A defendant meets this burden only if he can demonstrate that his plea was entered involuntarily, unknowingly, or unintelligently. *See Commonwealth v. Stork*, 737 A.2d 789, 790 (Pa. Super. 1999).

Moreover, once a defendant enters a guilty plea, it is presumed he was aware of what he was doing. *See id.* at 790. "A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his colloquy." *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003) (citation omitted). In assessing the voluntariness of a guilty plea, we note "[t]he law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily and intelligently made." *Commonwealth v. Yager*, 685 A.2d

1000, 1004 (Pa. Super. 1996) (*en banc*) (citation and internal quotation marks omitted).

A review of the record amply supports the trial court's conclusion that Alameda was not entitled to withdraw his plea. Alameda contends his open guilty plea was not knowing, intelligent and voluntary because the erroneous advice of counsel induced him to plead guilty.

This allegation is belied by the record. Prior to the guilty plea hearing, Alameda completed a written plea colloquy wherein he admitted he committed the crimes charged. **See** Written Guilty Plea Colloquy, 10/28/19, at 1. The written colloquy also included a declaration that nobody had promised him anything or threatened or forced him to plead guilty, and that there was no plea bargain or agreement of any kind. **See id.** The written colloquy also detailed the rights Alameda was giving up. **See id.** at 2-3. Finally, Alameda acknowledged that he was satisfied with the advice and service of his counsel and that the decision to plead guilty was his own. **See id.** at 3.

During the oral guilty plea colloquy, Alameda acknowledged he went over the written guilty plea colloquy with his counsel and affirmed he understood everything the written colloquy said. **See** N.T., Guilty Plea Hearing, 10/28/19, at 7. The court advised Alameda that it was an open guilty plea, and that the ultimate sentence would be up to the court. **See id.** at 4, 6. The court advised Alameda that it could sentence him up to 173 years' imprisonment. **See id.** at 5.

Importantly, Alameda denied that anyone had promised him anything in exchange for his plea. ***See id.*** The court advised Alameda of his right to a jury trial and the rights he was giving up by pleading guilty. ***See id.*** at 7-9. Alameda acknowledged that he understood the rights he was waiving, that he was satisfied with the advice and services of his counsel, and that he was pleading guilty of his own free will. ***See id.*** at 9-10.

Finally, the factual basis for the plea was read into the record and Alameda expressly affirmed his acceptance of the factual basis. ***See id***. at 10-15. The court then accepted the plea. ***See id.*** at 14.

Considering the totality of the circumstances, the record reflects Alameda voluntarily, knowingly, and intelligently tendered his guilty plea. ***See Commonwealth v. Jabbie***, 200 A.3d 500, 506 (Pa. Super. 2018) (stating that a defendant is bound by his statements at his plea colloquy and "may not assert grounds for withdrawing the plea that contradict statements made when he entered [the] plea[]") (citation omitted). Alameda stated he understood the nature of the charges he was facing and acknowledged he was entering an open guilty plea, and that no promises had been made to him. At no time did he allege he was without the necessary information needed to enter a knowing plea. Nor did he state he was advised the eventual sentence would be of any specific nature. Alameda cannot now baldly recant his representations made under oath to the court. ***See Pollard***, 832 A.2d at 523.

In light of the comprehensive written and oral plea colloquy, which Alameda fully and willingly completed, we find no manifest injustice to support his claim that his plea was in any manner unknowingly, involuntarily, or unintelligently given. Further, as Alameda's claim is contradicted by his sworn statements before the court, it cannot support a finding of manifest injustice.

We note that Alameda asserted a claim of ineffective assistance of plea counsel in his post-sentence motion related to his guilty plea. Such a claim, however, could only properly be brought on collateral review. "Our Supreme Court has made clear that ineffectiveness claims are not to be raised in the first instance on direct appeal but must await collateral review." **Commonwealth v. Crosby**, 844 A.2d 1271, 1271-1272 (Pa. Super. 2004). An exception is made where the trial court has held a hearing on a claim of trial counsel ineffectiveness and the record has been fully developed on that issue. In that case, the Supreme Court has held it is appropriate for this Court to review an ineffectiveness claim on direct appeal. **See id.** at 1272.

Here, the trial court did not hold a hearing on the issue and the record has not been developed on this issue. Therefore, we do not have a record upon which we can review an ineffectiveness claim. Alameda can raise such a claim on collateral review where the PCRA court will be in a position to hold an evidentiary hearing on the claim, if necessary. Based on the above reasoning, Alameda is due no relief on this claim.

Alameda next challenges the discretionary aspects of his sentence. "Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea." *Commonwealth v. Reichle*, 589 A.2d 1140, 1141 (Pa. Super. 1991) (citations omitted). "[T]he determination of whether discretionary aspects of sentencing may be challenged after a guilty plea is entered depends upon the actual terms of the plea bargain, specifically, to what degree a sentence agreement has been reached." *Commonwealth v. Dalberto*, 648 A.2d 16, 18 (Pa. Super. 1994).

Where the plea agreement provides specific penalties, "an appeal from a discretionary sentence will not stand"; however, where the plea agreement provides for "no sentencing restrictions … , the entry of a guilty plea will not preclude a challenge to the discretionary aspects of sentencing." *Id.* at 20. Here, Alameda entered an open guilty plea that did not purport to limit the sentencing court's discretion in any way. Therefore, he may challenge the discretionary aspects of the sentence. *See id.*

We review discretionary sentencing challenges with great deference to the sentencing court:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Bullock***, 170 A.3d 1109, 1123 (Pa. Super. 2017) (citations and quotation marks omitted). However, "[a] challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." ***Commonwealth v. McAfee***, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

To invoke this Court's jurisdiction over this issue, Alameda must satisfy a four-part test:

> (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original).

Here, Alameda preserved his issue through a timely *nunc pro tunc* post-sentence motion and appeal. Further, counsel has included the required Rule 2119(f) statement.

We therefore must examine Alameda's Rule 2119(f) statement to determine whether a substantial question exists. ***See Commonwealth v. Tirado***, 870 A.2d 362, 365 (Pa. Super. 2005). "Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the

appeal, which are necessary only to decide the appeal on the merits." ***Id***. (citation and emphasis omitted); ***see also*** Pa.R.A.P. 2119(f).

Alameda "must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." ***McAfee***, 849 A.2d at 274 (citation omitted). That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." ***Tirado***, 870 A.2d at 365 (citation omitted). "Additionally, we cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." ***Commonwealth v. Provenzano***, 50 A.3d 148, 154 (Pa. Super. 2012) (citation omitted).

Alameda asserts the trial court "issued an excessive sentence. It did so by relying heavily on aggravating factors while at the same time ignoring or giving little to no weight to mitigating factors. The Commonwealth claimed Mr. Alameda was a career criminal notwithstanding very little criminal history. Appellant's Brief, at 12. Alameda's assertion that the trial court failed to adequately consider mitigating factors, rendering his sentence excessive, raises a substantial question. ***See Commonwealth v. Miller***, 275 A.3d 530, 535 (Pa. Super. 2022) (stating "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question") (citation omitted). We therefore will address this sentencing claim.

Here, the court first ensured that the prior record score, offense gravity scores, and guidelines were placed on the record. *See* N.T., 3/11/20, at 12-13. The defense accepted that a youth enhancement would be added to the guidelines. *See id.* at 14. The court acknowledged that it had read the PSI and a mental health report. *See id.* The court then heard from counsel on both sides. *See id.* at 15-23. After hearing a brief statement from Alameda on his own behalf, in which he apologized and accepted responsibility for the drug operation, but contended that he was not a violent person, *see id.* at 23, the court explained its reasons for the sentence on the record, as follows:

> All right. This [c]ourt has taken into consideration the arguments of counsel, the guidelines, the presentence investigation in its entirety. I read the sentencing memorandum in its entirety. And I'm going to give you a sentence that is within the guidelines. It's not what [defense counsel] wanted or what the Commonwealth wanted.
>
> It's going to be an aggregate sentence of 20 to 40 on multiple charges running consecutive. The reason I'm giving you that sentence is because I feel like it's appropriate given the pain and destruction that you have unleashed on the City of Philadelphia.
>
> The opioid epidemic killed over 1,000 people last year. And you played no small part in that. I think that it's important that other people that may see your career path, which to be quite frank about it, was very successful. You don't go to Sugar House with tens of thousands of dollars to gamble unless you're doing a good job selling drugs. You should take notice that the [c]ourt takes this seriously and is not going to hesitate to give an appropriate sentence in the future.

*Id.* at 24-25.

As the trial court specifically noted, it had the benefit of a PSI. Where the trial court has the benefit of reviewing a PSI, we must

> presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

*Commonwealth v. Hallock*, 603 A.2d 612, 616 (Pa. Super. 1992) (citation omitted).

Alameda asserts the trial court "failed to take into account the mitigating factors that warranted a lower sentence." Appellant's Brief, at 20. This claim is belied by the record. The record shows the court heard the mitigating evidence presented but simply rejected it due to the overwhelming evidence of, and Alameda's confession to, a very serious drug operation which Alameda had run for a significant amount of time. *See id*. The court's rejection of the mitigating evidence presented to it is simply not equivalent with the court's failure to consider that evidence.

Based on our review of the certified record, the trial court's findings set forth above, and our standard of review, we find no evidence or reason to conclude the trial court abused its discretion in sentencing Alameda. As stated, the trial court in this case had the benefit of a PSI, combined with the trial court's explicit consideration of the sentencing guidelines and the seriousness of the offenses; therefore, the trial court considered all relevant sentencing factors. Alameda has failed to establish the court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. Accordingly, we find this issue to warrant no relief.

Finally, Alameda contends the court erred by failing to hold a hearing to address his post-sentence motion, in which he raised the two issues addressed above. Regarding such optional post-sentence motions, the Pennsylvania Rules of Criminal Procedure state the trial court "shall determine whether a hearing or argument on the motion is required, and if so, [ ] schedule a date or dates certain for one or both." Pa.R.Crim.P. 720(B)(2)(b). "There is no requirement that oral argument be heard on every post-sentence motion." Pa.R.Crim.P. 720, Comment.

Here, Alameda filed a timely *nunc pro tunc* post-sentence motion. The motion was subsequently denied by operation of law. It is clear the trial court did not find a hearing was required. The trial court acted within its power and discretion in denying the motion without a hearing. Pa.R.Crim.P.

720(B)(2)(b). Moreover, the allegation of ineffectiveness of counsel, which may entitle Alameda to a hearing, was not properly before the trial court. Therefore, Alameda's claim that the court erred in not holding a hearing is without merit.

As none of Alameda's claims entitle him to appellate relief, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/10/2025