J-S28036-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JACOB J. PUSCAVAGE IV | : | |
| | : | |
| Appellant | : | No. 1860 MDA 2024 |

Appeal from the Judgment of Sentence Entered December 5, 2024
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0001021-2024

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JACOB J. PUSCAVAGE, IV | : | |
| | : | |
| Appellant | : | No. 1861 MDA 2024 |

Appeal from the Judgment of Sentence Entered December 5, 2024
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0001022-2024

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JACOB J. PUSCAVAGE, IV | : | |
| | : | |
| Appellant | : | No. 1862 MDA 2024 |

Appeal from the Judgment of Sentence Entered December 5, 2024
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0001043-2024

BEFORE:  BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED: SEPTEMBER 3, 2025**

Appellant, Jacob J. Puscavage, IV, appeals from the judgment of sentence entered in the Luzerne County Court of Common Pleas, following his open guilty plea at multiple dockets to endangering the welfare of children ("EWOC"), possession of instruments of crime ("PIC"), and criminal mischief.[1] We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows. On September 3, 2024, Appellant pled guilty at three docket numbers to the aforementioned charges, which stemmed from his abuse of his then four-year-old son, and later acts of violence against the family member who was caring for the child. On November 6, 2024, the court sentenced Appellant at docket No. 1043-2024 to 15 to 48 months of incarceration filed by 3 years of probation; at docket No. 1022-2024 to 3 months to 234 days' incarceration; and at docket No. 1021-2024, to 12 to 36 months' incarceration to run concurrent with his sentence at docket No. 1043-2024, followed by 2 years' consecutive probation.

On November 15, 2024, Appellant timely filed a motion to modify his sentence at docket No. 1043-2024. On December 5, 2024, following a hearing, the court denied the motion to modify the sentence at docket No. 1043-2024. Nevertheless, the court modified Appellant's sentences at docket No. 1022-2024 and 1021-2024 based on an agreement regarding the grade

---

[1] 18 Pa.C.S.A. §§ 4304; 907; and 3304, respectively.

of the criminal mischief offense. The court imposed a new sentence at docket No. 1022-2024 of 3 to 36 months' imprisonment, concurrent to the sentence at docket No. 1043-2024, and a new sentence of 2 years' probation at docket No. 1021-2024, concurrent with the probation imposed at docket No. 1043-2024.

On December 19, 2024, Appellant timely filed notices of appeal at each underlying docket. On December 20, 2024, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. On January 3, 2025, Appellant timely complied. On January 30, 2025, this Court consolidated the appeals at Appellant's request.[2]

Preliminarily, appellate counsel seeks to withdraw representation pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. **See Santiago, supra** at 173-79, 978 A.2d at 358-61. "Substantial compliance with these requirements is

---

[2] Although Appellant filed notices of appeal at each underlying docket, he challenges only the sentence imposed at docket No. 1043-2024.

sufficient." ***Commonwealth v. Reid***, 117 A.3d 777, 781 (Pa.Super. 2015). After establishing that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. ***Commonwealth v. Palm***, 903 A.2d 1244, 1246 (Pa.Super. 2006). ***See also Commonwealth v. Dempster***, 187 A.3d 266 (Pa.Super. 2018) (*en banc*).

In ***Santiago, supra*** our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither ***Anders*** nor ***Commonwealth v. McClendon***, 495 Pa. 467, 434 A.2d 1185 (1981)] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under ***Anders*** are references to anything in the record that might arguably support the appeal.
>
> \* \* \*
>
> Under ***Anders***, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

***Santiago, supra*** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that

have led to the conclusion that the appeal is frivolous.

*Id.* at 178-179, 978 A.2d at 361.

Instantly, appellate counsel has filed an application to withdraw. The application states that counsel has reviewed the record and determined that there are no non-frivolous grounds for an appeal. Counsel subsequently sent a copy of the *Anders* brief to Appellant. Counsel also provided Appellant with a letter explaining Appellant's right to retain new counsel or proceed *pro se* to raise any additional points Appellant deems worthy of this Court's attention. In the *Anders* brief, counsel summarized the facts and procedural history of Appellant's case. The argument section of the brief cites to portions of the record that might arguably support Appellant's issues on appeal. Counsel also provides the reasons for his conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the technical requirements of *Anders* and *Santiago*. *See Reid, supra*.

Appellant has not responded to the *Anders* brief *pro se* or with newly retained private counsel. Counsel raises the following issue on Appellant's behalf:

> I. Whether the trial court abused its discretion in failing to sentence Appellant within the mitigated range and failing to consider his remorse and good behavior at the Luzerne County Correctional Facility.

(*Anders* Brief at 6).

Appellant argues that the trial court abused its discretion by failing to impose a mitigated sentence and failing to properly consider Appellant's remorse and good behavior while incarcerated in Luzerne County Correctional

- 5 -

Facility pending sentencing. These claims implicate the discretionary aspects of sentencing.[3] "[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right." *Commonwealth v. Perzel*, 291 A.3d 38, 46 (Pa.Super. 2023), *appeal denied*, ___ Pa. ___, 301 A.3d 426 (2023). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed

_____

[3] Initially, we note that Appellant challenges the discretionary aspects of his sentence following a guilty plea:

> "[T]he determination of whether discretionary aspects of sentencing may be challenged after a guilty plea is entered depends upon the actual terms of the plea bargain, specifically, to what degree a sentence agreement has been reached." *Commonwealth v. Dalberto*, [648 A.2d 16, 18 (Pa.Super. 1994)].
>
> Where the plea agreement provides specific penalties, "an appeal from a discretionary sentence will not stand"; however, where the plea agreement provides for "no sentencing restrictions ..., the entry of a guilty plea will not preclude a challenge to the discretionary aspects of sentencing." *Id.* at 20.

*Commonwealth v. Alameda*, ___ A.3d ___, 2025 PA Super 119, 2025 WL 1635561, at *4 (Pa.Super. filed June 10, 2025). Instantly the plea agreements Appellant entered into did not provide for specific penalties. (*See* N.T. Guilty Plea, 9/3/24, at 4-5). Rather, in exchange for Appellant's plea, the Commonwealth agreed to withdraw certain charges. (*See id.*). Thus, Appellant is not precluded from challenging the discretionary aspects of his sentence on appeal. *See Alameda, supra*.

from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Anderson***, 830 A.2d 1013, 1018 (Pa.Super. 2003). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Caldwell***, 117 A.3d 763, 768 (Pa.Super. 2015) (*en banc*) (quoting ***Commonwealth v. Prisk***, 13 A.3d 526, 533 (Pa.Super. 2011)). Additionally:

> "[T]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." ***Commonwealth v. Disalvo***, 70 A.3d 900, 903 (Pa.Super. 2013) (internal citation omitted).
>
> However, "prior decisions from this Court involving whether a substantial question has been raised by claims that the sentencing court 'failed to consider' or 'failed to adequately consider' sentencing factors has been less than a model of clarity and consistency." ***Commonwealth v. Seagraves***, 103 A.3d 839, 842 (Pa.Super. 2014) (citing [***Commonwealth v. Dodge***, 957 A.2d 1198 (Pa.Super. 2008), *appeal denied*, 602 Pa. 662, 980 A.2d 605 (2009)]). In ***Commonwealth v. Dodge***, this Court determined an appellant's claim that the sentencing court "disregarded rehabilitation and the nature and circumstances of the offense in handing down its sentence" presented a substantial question. ***Dodge, supra*** at 1273.

This Court has also held that "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." ***Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa.Super. 2014), *appeal denied*, 629 Pa. 636, 105 A.3d 736 (2014) (quoting ***Commonwealth v. Perry***, 883 A.2d 599, 602 (Pa.Super. 2005)).

***Caldwell, supra*** at 769-70.

Nevertheless:

[A bald] allegation that the sentencing court failed to consider certain mitigating factors generally does not necessarily raise a substantial question. ***Commonwealth v. McNabb***, 819 A.2d 54, 57 (Pa.Super. 2003). ***Accord Commonwealth v. Wellor***, 731 A.2d 152, 155 (Pa.Super. 1999) (reiterating allegation that sentencing court "failed to consider" or "did not adequately consider" certain factors generally does not raise substantial question). ***Compare Commonwealth v. Felmlee***, 828 A.2d 1105, 1107 (Pa.Super. 2003) (*en banc*) (stating substantial question is raised, however, where appellant alleges sentencing court imposed sentence in aggravated range without adequately considering mitigating circumstances).

"When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant." ***Commonwealth v. Griffin***, 804 A.2d 1, 10 (Pa.Super. 2002), *appeal denied*, 582 Pa. 671, 868 A.2d 1198 (2005), *cert. denied*, 545 U.S. 1148, 125 S.Ct. 2984, 162 L.Ed.2d 902 (2005). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." ***Id.*** Where the sentencing court had the benefit of a [pre-sentence investigation ("PSI") report], we can assume the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Devers***, 519 Pa. 88, 101-02, 546 A.2d 12, 18 (1988). ***See also Commonwealth v. Tirado***, 870 A.2d 362, 368 (Pa.Super. 2005) (stating if sentencing court has benefit of PSI, law expects court was aware of relevant information regarding

> defendant's character and weighed those considerations along with any mitigating factors). Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code. *See Commonwealth v. Cruz-Centeno*, [668 A.2d 536 (Pa.Super. 1995)], *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (stating combination of PSI and standard range sentence, absent more, cannot be considered excessive or unreasonable).

*Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa.Super. 2010).

Instantly, Appellant preserved his sentencing claims in a timely post-sentence motion and filed a timely notice of appeal. Appellant also included the requisite Rule 2119(f) statement. Nevertheless, Appellant's claim that the court failed to adequately consider mitigating factors does not raise a substantial question for our review. *See DiSalvo, supra*; *Moury, supra*. Although Appellant suggests that his sentence was "unreasonable" and argues that he should have been sentenced in the mitigated range, he admits that he was sentenced within the sentencing guidelines and does not claim that his sentence was excessive. Therefore, Appellant has failed to invoke our jurisdiction to reach the merits of Appellant's challenge to the discretionary aspects of his sentence. *See Caldwell, supra*; *Anderson, supra*. Moreover, the court had the benefit of a PSI report and was aware of the relevant information regarding Appellant's remorse and good behavior while incarcerated. *See Tirado, supra*. Following our independent review of the record, we agree the appeal is frivolous. *See Dempster, supra*; *Palm, supra*. Accordingly, we affirm and grant counsel's petition to withdraw.

Judgment of sentence affirmed.  Petition to withdraw is granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 09/03/2025